**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **C.H., E.H., and R.H.**

**No. 20-0917** (Kanawha County 20-JA-305, 20-JA-306, and 20-JA-307)

**MEMORANDUM DECISION**

Petitioner Mother A.Y., by counsel Alan L. Pritt, appeals the Circuit Court of Kanawha County's October 14, 2020, order terminating her parental rights to C.H., E.H., and R.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Elizabeth G. Kavitz, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the father based upon allegations of drug abuse. Specifically, the DHHR alleged that law enforcement officers were dispatched to a hotel room following reports of drug activity. The parents and the children were in the hotel room, and, upon searching the room, police officers located a box containing scales, spoons, needles, and vials in the toilet tank. Officers also discovered baggies with suspected heroin residue and empty packets of buprenorphine. The father admitted to owning the drug paraphernalia and admitted to smoking heroin in the presence of the children the previous night. Petitioner denied knowledge of the father's drug abuse.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Child Protective Services ("CPS") workers implemented a safety plan in which petitioner's grandmother agreed to supervise petitioner and the children at the grandmother's home. However, approximately one week later, petitioner was arrested following a tip that she would be delivering heroin into Charleston, West Virginia. Officers waited in an unmarked vehicle near the area where petitioner was suspected to be traveling. When petitioner arrived, she was arrested for attempted delivery of a controlled substance. R.H. was found in the backseat of the vehicle and was barefoot with methamphetamine pipes under her feet. Scales and syringes were located in the vehicle, and a small bag of fentanyl was found right outside the vehicle. The driver accompanying petitioner was in possession of marijuana and was a known drug addict. A CPS worker spoke to petitioner following her arrest, and petitioner screamed at the CPS worker, failed to accept responsibility for her actions, and accused the worker of making up lies to "hurt" petitioner. The DHHR alleged that petitioner's conduct constituted extreme and negligent maltreatment and that she was not sufficiently motivated or organized to care for the children.

Later in July, petitioner waived her preliminary hearing. The circuit court ordered petitioner to participate in remedial services, including random drug screens, parenting and adult life skills classes, and supervised visitation with the children. The circuit court further ordered petitioner to undergo a psychological evaluation and enroll in inpatient drug treatment.

The DHHR filed a court summary in August of 2020, indicating that petitioner refused a bed at the drug detoxification center found for her by the DHHR. The court summary further indicated that petitioner had been arrested subsequent to the preliminary hearing and was in federal custody.[2] The circuit court held an adjudicatory hearing later in August of 2020. A CPS worker testified to the allegations contained in the petition, including that the children were found in a hotel room in the presence of drugs and drug paraphernalia and that petitioner was arrested for attempting to deliver drugs with R.H. in the car. The CPS worker testified that she spoke to family members, all of whom reported that petitioner had a long history with substance abuse and mental health issues, and that she had been incarcerated numerous times due to drug issues. Following testimony, the circuit court adjudicated petitioner as an abusing and neglecting parent.

In October of 2020, the circuit court held a dispositional hearing. A CPS worker testified that the DHHR was recommending termination of petitioner's parental rights. The worker testified that petitioner refused to participate in drug treatment prior to her incarceration. In fact, the previous caseworker arranged for a bed at Highland Hospital prior to petitioner's incarceration, but petitioner refused to go, calling the program "a joke." Further, petitioner was unable to participate in parenting and adult life skills classes and supervised visitation due to her incarceration. The CPS worker stated that petitioner's "federal probation was revoked, and she is now in imprisonment with no supervision to follow." Petitioner's counsel requested a post-dispositional improvement period following petitioner's release from prison but presented no evidence demonstrating how she would have complied with services in support of the motion. Her counsel proffered that it was his "understanding" that petitioner "would be released from federal

_____

[2]Although not clear from the record, it appears that petitioner was released on bond following her arrest when she attempted to deliver drugs. Then, subsequent to the preliminary hearing, petitioner was arrested for violating the terms of her probation related to a prior criminal conviction.

prison in the next five months, maybe four months." Counsel requested that the circuit court continue the dispositional hearing until petitioner's release from incarceration.

Following testimony, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights. The circuit court found that petitioner's substance abuse and her failure to remedy the conditions resulting in the petition's filing prevented her from being an appropriate parent. It further found that the DHHR "cannot provide any services to remedy the conditions of abuse and neglect in the foreseeable future" and that the DHHR made reasonable efforts to reunify the family, but petitioner failed to meaningfully avail herself of court-ordered services. Accordingly, the circuit court concluded that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests. Petitioner appeals the October 14, 2020, dispositional order terminating her parental rights.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without providing her additional time to participate in an improvement period. Petitioner argues that she was incarcerated shortly after the preliminary hearing and "should have been given additional time to remedy the allegations of abuse and neglect." Petitioner contends that prior to her incarceration, she submitted to drug screens and produced multiple negative screens. She further argues that she had a loving relationship with her children and that it would be in their best interest to allow her more time to comply with services. Petitioner submits that "she is willing to substantially comply with services upon release from incarceration" and will correct the conditions leading to the children's removal from her custody.

As this Court has recognized, a parent bears the burden of establishing that she is likely to fully comply with an improvement period in order to obtain one. *See In re Charity H.*, 215 W. Va.

---

[3]The father's parental rights were also terminated below. The children were placed in a foster home, and the permanency plan for the children is adoption by the foster family.

208, 215, 599 S.E.2d 631, 638 (2004) (a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period'"). Here, the record overwhelmingly establishes that petitioner failed to satisfy this burden, given her failure to provide any evidence or testimony in support of her motion. Although petitioner claims that she complied with drug screening prior to her incarceration, the record shows that petitioner refused the bed in a drug detoxification program that was offered to her. Also, petitioner's counsel conceded that she had not participated in parenting or adult life skills classes or supervised visitation, despite having been ordered to do so by the circuit court. Petitioner remained incarcerated at the time of the dispositional hearing and provided no explanation for how she would participate in an improvement period while incarcerated, nor did petitioner provide any conclusive anticipated release date from her incarceration. In short, we find that petitioner's unsupported assertion that she was likely to address the conditions of abuse and neglect was insufficient to satisfy the burden of proof necessary for obtaining an improvement period. Because petitioner failed to satisfy this burden, we find no abuse of discretion in the circuit court's denial of her motion for an improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

With regard to petitioner's argument that the circuit court should have continued the dispositional hearing until she was released from incarceration, we note that Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a child abuse and neglect proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." Accordingly, the circuit court did not err in refusing to continue petitioner's dispositional hearing until her release from incarceration.

The evidence set forth above likewise supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect on her own or with help. Petitioner refused to enter an available drug detoxification program and was incarcerated shortly after the preliminary hearing for violating the terms of her federal probation. As such, petitioner was unable to participate in any services designed to remedy the conditions of abuse or neglect. Petitioner remained incarcerated throughout the proceedings and provided nothing more than a proffer as to her expected release date at the dispositional hearing. Moreover, petitioner fails to state in her brief on appeal whether she remains incarcerated or, if so, provide her anticipated release date. While petitioner claims that she should

4

have been granted an improvement period or that her dispositional hearing should have been delayed before her parental rights were terminated, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given that petitioner refused treatment and failed to adequately address the conditions of abuse leading to the petition's filing, we find that sufficient evidence existed to terminate petitioner's parental rights and that she is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 14, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton